—————o————————

## No. 3430.

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF AMELIA L. BEGUE.

The ruling to which the exception was reserved is over-technical and erroneous.

Although the pleadings are loosely and inartistically framed, they afford, on a fair reading, sufficient foundation for the proof tendered and rejected.

Appeal from Civil District Court, Division D.

Theo. Cotonio, for Peter C Mahan, tutor-appellant.

L. DePoorter and W. O. Hart, for defendant and appellee.

DUFOUR, J.    In this succession there are three heirs—Mary Begue, emancipated minor and wife of F. Camus, and two minors, Caroline and John L. Begue, under the tutorship of Peter C. Mahan.

The latter obtained an ex parte order of Court directing the clerk to deliver to him as the property of the minors a mortgage note in the former's custody, whereupon Mrs. Camus, complaining

234

that, though the owner of an undivided one-third interest, she had not been made a party to the proceeding, ruled the tutor to show cause why he should not return into Court the proceeds of the note.

The Court ordered the tutor to return one-third of the proceeds, and from this judgment he has appealed, and an answer to the appeal asks that all the proceeds be ordered returned to the registry.

The case hinged on the admissibility of evidence based upon the interpretation placed upon the following part of the written return:

Third, that said rule is vague and indefinite, and in the event of the foregoing exceptions being overruled and not otherwise, reserving the benefit of same, for answer to said rule, respondent says:

"That he admits having received the note referred to in said rule, in his capacity of dative tutor of the minors Carrie and John Begue, said minors having a two-thirds interest in and to said note, as shown by the inventory herein filed. That the said note was handed over to respondents' attorney (Theodore Cotonio) for collection, he being also the attorney of record and representing said Mary Anne Begue, who afterwards married Frederick Camus.

"That the amount of said note was collected by the said Theodore Cotonio, attorney for respondent and attorney of the said Mary Anne Begue. That as regards the share and interest of the minors represented by respondent, the respondent has fully and faithfully accounted for same, as more fully appears by reference to the first annual account herein filed.

"That as regards the share coming to said Mary Anne Begue, this respondent specially denies that it ever came into his possession. That for the benefit and information of the Court, he attaches hereto a statement furnished by said Theodore Cotonio, attorney of said Mamie Begue, as to the dispositions made by him, the said attorney, of the interest and share belonging to the said Mary Anne Begue.

Every question put by the tutor's attorney, Mr. Cotonio, to show that he was Mrs. Camus' attorney also, authorized to act for her in the settlement, or for whose account he was acting when he collected the note, was excluded."

The crucial ruling of the Court was:

"The objection is sustained on the ground that the defendant, in his answers to the rule, does not set up that he acted under instructions from Mrs. Camus, in turning over said note, or any of its proceeds, to any person whatever."

This ruling is over-technical and erroneous. Although the pleadings are loose and inartistic, they afford sufficient foundation for the proof tendered and rejected.

It is averred that Cotonio who collected the note for the tutor also represented Mrs. Camus and was her attorney, and that, as

235

such, he received and disposed of the amount coming to Mrs. Camus in accordance with his view of his account with her in other matters.

What he did with the money is of no concern to the tutor, who is justified if he shows that the money went into the hands of one authorized to receive it, as the representative of Mrs. Camus.

In such case no instructions from Mrs. Camus to the tutor were necessary. He had the right to prove that the authorized agent or representative of Mrs. Camus received the money, and its denial was error.

Judgment reversed at appellee's cost and cause remanded to be tried according to the view herein expressed.